UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS HOWARD SMITH, | ) | Case No.: 1:16 CV 08 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

*Pro se* Plaintiff Douglas Howard Smith filed this action in the Lorain County Court of Common Pleas against Wells Fargo Bank, N.A. ("Wells Fargo"), both individually and as trustee for the Carrington Mortgage Trust, Series 2006-RFC1, the United States government, and the Internal Revenue Service ("IRS"). In the Complaint, Plaintiff claims the Defendants conspired to defraud him, in violation of 18 U.S.C. § 286, and 15 U.S.C. § 1602(aa). He also claims the Defendants violated his constitutional rights. He seeks monetary damages. The United States removed the action to federal court under 28 U.S.C. § 1442(a)(1).

**Background**

Plaintiff's Complaint contains very few facts. It appears Plaintiff was having financial difficulties and fell behind in his mortgage payments. He attempted to negotiate a modification of his mortgage which would have allowed him to refinance the principal balance as well as all late fees and costs, through a thirty-year mortgage at a competitive interest rate. Plaintiff also owed

delinquent taxes to the IRS. Rather than agreeing to the plan of refinancing, Wells Fargo consulted the IRS about its tax liens and decided instead to file a foreclosure action in the Lorain County Court of Common Pleas. Wells Fargo obtained a judgment of foreclosure, and subsequently purchased the property at sheriff's sale on November 25, 2015. The IRS took the money from the sale as a payment toward his tax liability, and Wells Fargo retained title to the property. Plaintiff alleges Wells Fargo and the IRS conspired together to deny him an amicable settlement which would have saved his home.

Plaintiff asserts eight claims for relief. First, he contends Wells Fargo conspired to defraud the IRS in violation of 18 U.S.C. § 286. He also contends Wells Fargo and the IRS violated the Homeowner's Equity Protection Act, 15 U.S.C. § 1602(aa) and Article I, Sec. 10 of the United States Constitution. In addition, Plaintiff claims the Defendants violated his Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendment rights.

**Standard of Review**

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court may dismiss an action *sua sponte* if the Complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the Court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The Court also may dismiss an action *sua sponte* if the Court clearly lacks subject jurisdiction over the matters presented in the Complaint. *Id.* Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir.1990).

**Analysis**

Plaintiff cannot bring his claims for alleged violations of his constitutional rights against these Defendants. First, the United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction. *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *U.S. v. King*, 395 U.S. 1,4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957).

The United States has not consented to suit in civil rights actions against itself or any of its agencies. Civil rights claims against federal government Defendants must be brought, if at all, in a *Bivens*[1] action. *Bivens* creates a limited cause of action against individual federal government officials acting under color of federal law for violation of the Plaintiff's constitutional rights. The United States, however, has not waived its sovereign immunity for *Bivens* actions brought against the United States or its agencies. *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991)(stating that a *Bivens* claim cannot be asserted against the United States government or its employees in their official capacities). Plaintiff cannot maintain a *Bivens* action against the United States or the IRS.

In addition, Plaintiff cannot bring a civil rights action against Wells Fargo. *Bivens* provides a cause of action against federal government employees acting under color of federal law. Wells Fargo is not a United States government agency. Plaintiff cannot bring a *Bivens* claim against them.

Similarly, 42 U.S.C. § 1983 provides a cause of action against state government officials and employees acting under color of state law. Generally to be considered to have acted "under color of state law," the Defendant must be a state or local government, government official or government

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

employee. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A Defendant may also be considered a state actor if the Defendant exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). Wells Fargo is not a state agency, nor did it exercise powers traditionally reserved for the state or act together with the state government. Plaintiff cannot bring civil rights claims against Wells Fargo under 42 U.S.C. § 1983.

Plaintiff also asserts claims against Wells Fargo under 18 U.S.C.A. § 286. This statute makes it a crime to conspire to defraud the United States. Only the United States Attorney can bring criminal charges against a Defendant in federal court. This statute does not provide a private right of action for a Plaintiff in a civil case. *See Howard v. United States*, No. 15-11901, 2015 WL 4243246 (E.D. Mich July 13, 2015)(finding no private right of action under 18 U.S.C. § 286); *Turner v. Welkal*, No. 3:12 CV 915, 2014 WL 347815 (M.D. Tenn. Jan. 31, 2014)(same).

Finally, Plaintiff asserts a claim under 15 U.S.C.A. § 1602 (aa). This provision is in the definition section of the Homeowner's Equity Protection Act. It states: "The disclosure of an amount or percentage which is greater than the amount or percentage required to be disclosed under this subchapter does not in itself constitute a violation of this subchapter." Plaintiff does not explain how this statement is relevant to the limited facts presented in his case.

## Conclusion

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

    IT IS SO ORDERED.

                                          /S/ SOLOMON OLIVER, JR.
                                          CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT

---

[2] 28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.